### SWING, trustee, *v.* FARRAR *et al.*

When by a suit instituted in a court of this State a policy-holder in a foreign mutual fire insurance company is sought to be held liable for a ratable proportion of its losses and expenses, under the laws of the State wherein the company was chartered, it is incumbent upon the plaintiff to affirmatively show by his pleadings that the laws of that State impose upon the policy-holder a statutory liability to meet the demand made upon him. As the plaintiff in this case failed so to do, his petition was properly dismissed on the ground that no cause of action was therein set forth.

Argued January 19,—Decided February 19, 1906.

Complaint. Before Judge Fite. Whitfield superior court. April 13, 1905.

*W. H. Odell, P. A. Reece,* and *W. E. Mann,* for plaintiff.

*C. D. McCutchen* and *F. K. McCutchen,* for defendants.

EVANS, J.   The court below dismissed the plaintiff's suit, on the ground that he set forth in his petition no cause of action against the defendants, four of whom were alleged to be the surviving members of a partnership, and two the executors of a deceased partner.   The action was brought in the name of James B. Swing, suing as trustee for the creditors of the Union Mutual Fire Insurance Company of Cincinnati, Ohio, which was incorporated under the laws of that State on May 27, 1887, and was engaged in business during the years 1888-1890, but which was "disincorporated" on December 18, 1890, by the Supreme Court of Ohio in a case in which the State of Ohio, ex rel. attorney-general, was the plaintiff and the insurance company the defendant.   Pending this cause Swing was appointed trustee for the creditors and policyholders of the insurance company, and he brings the present action by order of that court of June 11, 1901, which on that date made and entered a decree of assessment against "all persons who held policies of insurance in said company on and between April 25th, 1889, and Dec. 18th, 1890."   It is alleged that this decree is still in full force and effect, and that the assessment upon the defendants thereunder, in order to pay the losses and expenses of the association during the time their property was insured therein, amounts to $171.84; that they were, on or about February 11, 1904, duly notified by the trustee to pay this assessment, but they have refused to do so, and are now due to plaintiff, as such trustee, the amount just stated, besides interest thereon from March 13, 1904. The decree is set forth, as furnishing the data from which the assessment against each class of policy-holders is to be ascertained, according to the liabilities of the association incurred while they were members.   The names of the parties defendant to this decree are not disclosed.   Certain provisions pertaining to the organization and management of mutual insurance companies, and alleged to have been embraced in "the laws of Ohio in force during the years 1888, 1889 and 1890," are set forth in the plaintiff's petition.   The following facts are also made to appear: One W. B. Farrar, now deceased, together with others who are named as defendants, in 1890 conducted business in Hamilton county, Tenn., under the firm

name of the W. B. Farrar Manufacturing Co.    This firm accepted
a policy for $1,000, issued by the above-named insurance company
on the property of the partnership, insuring it against loss by fire
and lightning, the property insured being located at Ridgedale, in
the State and county aforesaid.    This policy was held by the firm
and kept in force from July 8, 1890, to December 19 of that year,
since which latter date W. B. Farrar has departed this life.    It is
upon the foregoing facts that the plaintiff relies as supporting his
contention that the contingent liability of the defendants on this
policy, under the laws of the State of Ohio and the decree of court
hereinbefore mentioned, "was and is five times the agreed annual
premium" on the policy, which was $50, and that by accepting and
holding this policy the partners became legally and equitably liable
for their just proportion of all losses and expenses incurred by the
insurance company issuing it, during the time the partnership held
the policy, "and to pay such assessments on the amount of said con-
tingent liability to assessment as should be required by law."

It is evident that the suit is not based on any alleged breach of
the contract set out in the policy of insurance, nor is it an action
to enforce a foreign judgment obtained against the defendants in
the State of Ohio.    On the contrary, as counsel for the plaintiff
very clearly point out in their brief, it is an attempt by the trustee
who represents the creditors of an insolvent corporation to subject
the defendants to liability for its debts under a statute of the Sate
of Ohio which imposes such a liability upon the policy-holders in
certain mutual fire insurance associations chartered under the laws
of that State.    We shall accordingly confine our discussion to the
question whether or not the plaintiff's petition discloses with suffi-
cient certainty that the defendants are subject to assessment to meet
the demands of creditors of the Union Mutual Fire Insurance Co.
One of the statutory provisions set forth is to the effect that "Every
person who effects insurance in a mutual company and continues to
be insured   .   .   shall be bound to pay for losses and such neces-
sary expenses as accrue in and to the company in proportion to the
original amount of his deposit note or contingent liability," and
shall be subject to assessment by the company for his just propor-
tion of such losses and expenses.    (The defendants here are not
sought to be held liable on any "deposit note," but on a claim of
"contingent liability.")    Another provision relied on by the plain-

tiff prescribes under what conditions a "joint-stock fire insurance company," or one organized "on the plan of mutual fire insurance," may be incorporated, and declares that each subscriber must agree, in writing, "to assume a liability to be named in the policy, subject to call by the board of directors, in a sum not less than three nor more than five annual premiums," and that "the same liability shall also be agreed to in writing by each subsequent subscriber or applicant for insurance, *who is not a merchant or manufacturer.*" (There is no allegation in the plaintiff's petition that the "W. B. Farrar Manufacturing Co." was an original subscriber, or did not come under this exception, or ever agreed in writing to assume any such liability.)    It is further declared that "mutual fire insurance companies organized under this act" must in their by-laws, and also in their policies, "fix by a uniform rule the contingent mutual liability of its members for the payment of losses and expenses," to be not less than three nor more than five annual cash premiums, *"but nothing in this section shall apply to associations for the mutual protection of their members against loss by fire, heretofore or hereafter organized, as provided in section 3686 of the Revised Statutes."* The provisions of "section 3686 of the Revised Statutes" are not set forth in plaintiff's petition, nor does it contain any affirmative allegation to the effect that "the laws of Ohio in force during the years 1888, 1889, and 1890," which are therein quoted and declared on, were intended to apply to the members of the Union Mutual Fire Insurance Company, which "was a mutual fire insurance company incorporated under the laws of Ohio, May 27th, 1887."    This omission we regard as fatal.    Unless it was one of the mutual fire insurance companies to which the statutory provisions relied on by the plaintiff applied, it is certain that its members did not, by merely accepting and paying the premiums on policies issued by it, subject themselves to any statutory liability for its losses and expenses. For aught that appears, it was one of the mutual associations expressly excepted by the statute itself from the operation of its provisions creating an individual liability upon policy-holders in certain other mutual companies, who, when they subscribed for stock therein or applied for membership, voluntarily undertook and agreed in writing to become chargeable with their just proportion of such losses and expenses as might be incurred in the venture.

The necessary conclusion, therefore, is that the plaintiff failed to state a cause of action; which was the view entertained by the court below.　　　　　*Judgment affirmed. All the Justices concur.*